IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO. 6:08-cr-00005-LED-JKG |
| | § | |
| BENJAMIN CLIFFORD MILLICAN | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On January 12, 2015 the Court conducted a hearing to consider the government's petition to revoke the supervised release of Benjamin Millican. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Kenneth R. Hawk.

On October 21, 2008 Defendant was sentenced before The Honorable Leonard Davis after pleading guilty to the offense of Conspiracy to Utter Counterfeited Securities, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 12 and a criminal history category of VI, was 30 to 37 months. Defendant was sentenced to 60 months imprisonment by use of an upward departure, followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include: financial penalties, financial disclosure, credit restrictions, and gambling restrictions. On August 10, 2012 Benjamin Millican completed his period of imprisonment and began service of the supervision term.

In pertinent part, under the terms of supervised release, Defendant was to refrain from committing another federal, state, or local crime, Defendant was required not to leave the judicial district without permission of the Court or probation officer, and the Defendant was required to pay a $3,000 fine at a monthly rate of at least 10% of his gross income. In its petition, the

government alleges that Defendant violated the term of supervised release when: (1) Mr. Millican was charged with Fraudulent Use/Possession of Identifying Information, a state jail felony, as set forth under Texas Penal Code § 32.51 and two counts of Burglary of a Motor Vehicle, a Class B misdemeanor, as set forth under Texas Penal Code § 30.04; (2) Mr. Millican traveled outside of the Southern District of Texas from Houston, Texas, to Wills Point, Texas without authorization; and (3) Mr. Millican made no payments toward the fine balance during the months of September and November 2013, January, February, March, April, May, or June 2014.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Benjamin Millican violated conditions of supervision by committing offense of Fraudulent Use/Possession of Identifying Information, a state jail felony, Benjamin Millican will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates upon a finding of a Grade A or B violation, the Court shall revoke probation or supervised release. U.S.S.G. §7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the guideline imprisonment range is 21 to 27 months; however, the statutory maximum imprisonment sentence is 24 months.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that Benjamin Millican violated conditions of supervision by traveling outside the supervising district without authorization, and by failing to pay financial penalties as instructed, Benjamin Millican will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. §7B1.4(a) provides that in the case of revocation of supervised release

based on a Grade C violation and a criminal history category of VI, the guideline imprisonment range is 8 to 14 months.

At the January 12, 2015 hearing, Defendant pled true to the allegation that he violated the conditions of supervision by traveling outside the supervising district without authorization. The government recommended that Defendant Benjamin Millican be committed to the custody of the Bureau of Prisons for 12 months and 1 day imprisonment with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Benjamin Millican be committed to the custody of the Bureau of Prisons for 12 months and 1 day imprisonment with no supervised release to follow. The Court also **RECOMMENDS** that the place of confinement be FCI Miami.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 13th day of January, 2015.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE